UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAEL ARDEN JONES,

               Petitioner,

        -against-

NED McCORMACK,

               Respondent.

23-CV-8296 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated October 16, 2023, the Court denied Petitioner Rafael Arden Jones' petition for a writ of *habeas corpus*, brought under 28 U.S.C. § 2241. In his petition, Petitioner sought release from pretrial detention on Rikers Island, relief he previously had sought in dozens of Section 2241 petitions. In prior orders, Petitioner was warned that his continuous submission of frivolous Section 2241 petitions would result in his being barred from filing future petitions. Unheeded by this warning, Petitioner filed this action. Accordingly, on November 6, 2023, following the Court's denial of the petition, the Court barred Petitioner, under 28 U.S.C. § 1651, from filing future *habeas corpus* petitions *in forma pauperis* in this court, arising from ongoing Bronx County criminal proceedings pending under indictment number 70616-21, without first obtaining from the court leave to file. (ECF 13.) The Clerk of Court entered a civil judgment on November 7, 2023.

On June 9, 2025, the Court received from Petitioner, who remains in custody, a "motion for leave to reargue and leave to renew"; he seeks "to prevent and stop this illegal pretrial ex[]pansion." (ECF 16.) The Court liberally construes this submission as a motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (stating that the solicitude that courts afford to *pro*

*se* litigants takes a variety of forms, including liberal construction of pleadings, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him" (citations omitted)). After reviewing the arguments in Petitioner's submission, the Court denies this motion.

Separate from his motion for reconsideration, on July 28, 2025, Petitioner filed a new Section 2241 petition that was docketed in this action. Because it appears that Petitioner seeks leave to file this new Section 2241 petition, the Court directs the Clerk of Court to open a new civil action and file this new petition in that new action.

## DISCUSSION

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). Where a petitioner challenges the denial of a post-conviction petition in a motion brought under Rule 60(b), "relief . . . is available . . . only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Because Petitioner filed his motion more than one year after the entry of judgment in this action, Petitioner's motion is denied as to the first three clauses

in Rule 60(b). The Court also finds that Petitioner has failed to demonstrate that the grounds listed in the fourth and fifth clauses of Fed. R. Civ. P. 60(b) apply.

Finally, the Court denies relief under Rule 60(b)(6). "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "extraordinary circumstances [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (internal quotation marks and citation omitted).

Petitioner has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). In the motion, Petitioner seeks to challenge his ongoing criminal proceedings. Because he does not challenge the integrity of the *habeas* proceedings, but rather his ongoing criminal proceedings, relief under Rule 60(b) is unavailable. Moreover, to the extent Petitioner challenges the November 6, 2023 order barring him from filing new Section 2241 petitions without leave to proceed, as noted above, his newly filed Section 2241 petition will be opened as a new civil action. The November 6, 2023 bar order remains in place, and Petitioner must seek leave of court for any future petitions filed.

Accordingly, as Petitioner has not presented any extraordinary circumstances warranting reconsideration of the October 16, 2023 order of dismissal, the Court denies Petitioner's motion for reconsideration.

## CONCLUSION

The Court denies Petitioner's motion (ECF 16) and directs the Clerk of Court to terminate it.

The Court directs the Clerk of Court to open a new civil action and file the petition for a writ of *habeas corpus*, brought under 28 U.S.C. § 2241 (ECF 18), in the new civil action. The Court also directs the Clerk of Court to file the notice of appearance (ECF 19) in this new civil action.

The November 6, 2023 bar order remains in place, and Petitioner must seek leave of court for any future petitions filed.

Because the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    January 22, 2026
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                   Chief United States District Judge